UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 08-CV-62018-JORDAN

ALDAR TOBACCO GROUP, LLC,
A Florida Limited Liability Company;
DAVID GIELCHINSKY, individually;
And PHOENIX TOBACCO INC., A Florida
Corporation

       Plaintiffs,

vs.

AMERICAN CIGARETTE COMPANY, INC.
A Florida Corporation, and
BASIL E. BATTAH, individually,

       Defendants/Third Party Plaintiffs,

vs.

ROBERT GIELCHINKSY, individually,

       Third Party Defendant.
_____/

**NOTICE BY BYRON G. PETERSEN P.A. OF CHARGING LIEN FOR
FEES AND EXPENSES AND REQUEST FOR JURY TRIAL**

**Claim of Charging Lien:** The Law Firm of Byron G. Petersen P.A. (hereinafter at times "the Firm") hereby notifies the Court and the parties that it has a charging lien against any sums (personal property or real property, tangible or intangible) that may be recovered in this case by the Plaintiffs or Robert Gielchinsky. The filing of this formal Notice of Charging Lien perfects the lien which relates back to the date that the Firm first began providing services in this case. Citizen's & Peoples National Bank of Pensacola v. Futch, 650 So.2d 1008, 1015 (Fla. 1st DCA 1994).

**Factual Background and Case History:** The law firm of Byron G. Petersen P.A. was retained on a non-contingency basis to provide legal services in this case to the Firm's former clients, Aldar Tobacco Group LLC., David Gielchinsky, Phoenix Tobacco, Inc. and Robert Gielchinsky. The contract for legal services was verbal. The basic terms were that the charging lien claimant would be entitled to an hourly fee (tested for reasonableness) and that initially payment would come from any recovery against ACC and Basil Battah. In the event there was no recovery or an insufficient recovery then fees and expenses were to be sought from the Plaintiffs and Robert Gielchinsky. Recovery of fees and expenses where never made or intended to be contingent on outcome.

**Services Provided:** Extensive legal services were provided by the Firm (See DE Numbers 1-214) and the disputes between the parties were aggressively, zealously, and hotly contested and argued.

On July 20 this Court granted the Firm's Motion to Withdraw based on material conflicts between counsel and clients (D.E. 215) and provided the Firm's non-corporate former clients time to secure new counsel. Before that time, when the Firm was counsel of record, the Firm never sought a continuance of the underlying case. It represented its clients in extensive research and motion practice, consultations with a certified intellectual property attorney, discovery, the organization and exchange of evidence, prepared pre-trial stipulations and witness and exhibit lists, and worked a considerable length of time on jury instructions and verdict forms. In addition, it represented its former clients on matters before the magistrate addressing the removal of cartons of tobacco from the Defendant

ACC's storage facilities and addressing competing proposed protective orders regarding confidential information that was to be exchanged.

**The Federal Law on Charging Liens:** Federal courts in Florida apply Florida common law in resolving disputes regarding charging liens. This doctrine is set forth in the recent case of Trianon Condominium Association v. QBE Ins. Corp. 2011 U.S. Dist. LEXIS 32871 (S.D. Fla. March 18, 2011), as well as Montpeillier Farm , LTD v. Crane Environmental, 2009 U.S. Dist. LEXIS 61786 (S.D. 2009), and Gottlieb v. GC Financial Corp., 97 F.Supp. 2d 1310, 1311 (S.D. Fla. 1999).

Under Florida common law, and as announced in Conroy v. Conroy, 392 So. 2d 934 (Fla. 2d DCA 1980):

*"Generally, a charging lien gives an attorney the right to recover his fees and costs from the funds recovered through his services. Rather than depending upon the attorney's possession of the property* [a retaining lien]*, it is founded upon the equitable notion that an attorney ought to receive his fees and disbursements out of the judgment he has obtained. Florida recognizes the right to an attorney's charging lien.* (Explanatory parenthetical and emphasis added)"

The Court went on to hold:

*"in order for an attorney to obtain a charging lien upon a judgment which involves personal property, it is unnecessary for him to prove that there was an agreement with the client for the proceeds to be paid from the recovery. The attorney must prove that he had a valid contract with the client to render services but this can be satisfied by a showing that when he undertook the representation, there was an implied understanding that the client would pay him a reasonable fee.*

Accord, Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnick, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983) and Zimmerman v. Livnat, 507 So. 2d 1205, 1206 (Fla. 4th DCA 1987).

Even if one or more of the clients incorrectly contend that the fee agreement with the Firm was to be a pure contingency, that would not change the outcome. Contingent fee agreements must be in writing but when they are not a law firm is still entitled to a "reasonable fee". Here again, there is a very recent case addressing that issue: Clark v. Estate of Elrod, 61 So.3d 416 (Fla. 2d DCA 2011)..

The Clark case is in keeping with the Florida Supreme Court decision in Chandris v. Yanakakis, 668 So.2d 180 (Fla. 1995) [though a Florida lawyer may not claim fees under a non-complying contingency agreement, the lawyer may do so in an action for quantum meruit]. The opinion of the Florida Second District in Morgan & Morgan, P.A. v. McKean, 60 So.3d 575 (Fla. 2d DCA 2011), based on Chandris, is also dispositive:

> *We affirm without comment the trial court's finding that a valid contingency fee contract did not exist and that the determination of fees was therefore proper under a quantum meruit theory. See Chandris, S.A. v. Yanakakis, 668 So. 2d 180, 186 n. 4 (Fla. 1995) [noting that, even though an attorney cannot claim fees based upon a noncomplying contingency fee agreement, the attorney would still be entitled to the reasonable value of his or her services on the basis of quantum meruit].*

**Timing of Notice of Charging Lien:** The Charging Lien in this case has been timely filed. An attorney that has withdrawn from a case may file a Notice and claim of Charging Lien before a recovery has actually occurred or been finalized. See e.g. Heller v. Held, 817 So. 2d 1023 (Fla. 4th DCA 2002).

**Jurisdiction:** It is entirely appropriate for a Federal District Court in which a charging lien is filed to determine reasonable compensation and delineate appropriate expenses, though it would seem that a Federal Court also has the power and discretion to consider the fee dispute to be an ancillary proceeding and leave the quantum meruit determination to a Florida court. Trianon Condominium Association v. QBE Ins., supra. assumedly (and vitally) while the lien (already perfected by the federal court filing) remains in place pending the state court determination.

There is another jurisdictional consideration as well. The affirmative state claims by Aldar formerly before this Court are now before Broward State Judge Murphy. Depending on whether Aldar Tobacco Group LLC. obtains a recovery in the state case based, in whole or in part, on the Firm's prior services in this case may create tension between the cases and the recoveries. It is important that the Plaintiff not be given the opportunity, by unilateral choice of the forum for settlement, to unfairly and inequitably deprive the Firm of payment for the Firm's services

whether here or there. A charging lien dispute is an equitable proceeding and Aldar and the other former clients of the Firm must be expected to do equity and not deprive the Firm of what it has duly earned. It is entirely permissible for work done in more than one case to be the subject of a charging lien against a recovery in a separate case or against multiple recoveries (particularly, as here, where the Firm was counsel in the related law suits). Stated in an abbreviated manner, the charging liens, filed in cases where services in one or more cases contributed to the recoveries in other cases, "follow the recoveries" (to use the Firm's words). Hogben v. Wyndham International, Inc., 2007 U.S. Dist. LEXIS 55792 (S.D. Fla. 2007).

Further, in the event of one or more related recoveries the question of whether the State Court or this Court should address the resolutions of the fee and expense claims is an open one (that possibly may be resolved under the doctrine of Federal Ancillary Jurisdiction). But just as the law commands that Aldar do equity it is vital that there be no duplicate compensation to the Firm for duplicate legal services. Obviously, either this Court or Judge Murphy in the state court can make quantum meruit ("reasonable fee") determinations and do so regularly while carefully avoiding duplicate compensation for duplicate services.

**Defendants Prohibited from Settlement without Resolution of the Firm's Charging Lien**: The Firm requests that the Defendants and their counsel refrain from consummating a settlement in this case in favor, in whole or in part, of one or more of the Firm's former clients unless and until they address the Firm's claim for reasonable fees and costs and the Firm's Charging Lien or, of course, upon the order of Court. Miller v. Scobie, 152 Fla. 328, 11 So. 2d 892, 894 (Fla. 1943) [if a party holding "proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging lien without protecting the attorney's interests, that party . . . may nevertheless be held liable, jointly and severally with the attorney's client, for the amount of the client's attorney's fees and costs. See also Heller v. Held, 817 So. 2d 1023 (Fla. 4th DCA 2002) and Brown v. Vermont Mut. Ins. Co., 614 So. 2d 574, 580-81 (Fla. 1st DCA 1993).

**Relief Sought:** As there is a substantial disagreement over the fees and expenses owed the Firm between Byron G. Petersen P.A. and its former clients the Firm

respectfully requests that this Court determine a reasonable hourly fee due the Firm and that the Court further delineate those expenses and disbursements of the Firm that are properly and reasonably owed by the clients. The claimant further requests that the amount owed, as determined by the Court, first be satisfied from any recovery in the present case and that if there is no recovery or an insufficient recovery that the Court, alternatively, order that the Firm's fees and costs be paid by the former clients in a fair and equitable fashion from other sources.

**Jury Request**: In the event the Plaintiffs and Robert Gielchinsky interpose defenses, set-offs, or counterclaims the Firm requests trial by jury of all issues so triable.

DATED: Tuesday, September 6, 2011

> Byron G. Petersen P.A.
> 600 West Las Olas Blvd. Suite 1105
> Ft. Lauderdale, Florida 33312
> Telephone: 954-213-9081
> E-mail: b.petersenesq@yahoo.com
> By: /s/ Byron G. Petersen, Esq.
>
> Florida Bar No.: 220434

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September 2011 (Friday), I electronically filed the foregoing Notice of Charging Lien with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this same day upon: Robert C. Kain, Jr., Esq. via transmission of Notices of Electronic Filing generated by CM/ECF. Aldar Tobacco Group LLC has been served by email and mail in care of its registered agent Arnold Hecker at 300 South Pine Island Road, Suite 258, Plantation, Florida 33324. Phoenix Tobacco Group,

Inc. has also been served by email and mail on its registered agent, Arnold Hecker at that same location. Robert Gielchinsky has been served by email and mail at his residence at Thirty Kitchell Road, Morristown, New Jersey 07160. Service on David Gielchinsky was made by email to him and by mail in care of his brother Robert Gielchinsky since David Gielchinsky's mailing address remains unknown and he has declined to disclose it.


/s/ Byron G. Petersen
Byron G. Petersen, Esq.